UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY AARON GAISBAUER,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [60] DEFENDANT'S PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 1:21-cr-00074<br><br>District Judge David Barlow |

This matter is before the court on Jeffrey Aaron Gaisbauer's Pro Se Motion for Early Termination of Supervised Release.[1] Probation and the Government oppose the Motion at this time. For the reasons discussed below, the court denies the Motion.

Mr. Gaisbauer pled guilty to possession of methamphetamine with intent to distribute. He was sentenced to 48 months incarceration and 36 months of supervised release.

Mr. Gaisbauer's supervised release term began on June 5, 2025. About eight months later, he moved for early termination, which the court denied. He has now completed about one year of supervised release. Mr. Gaisbauer reports that he has completed both inpatient treatment and aftercare, has had steady employment, and recently bought a house. These are excellent developments.

18 U.S.C. § 3583(e) permits the court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the

---

[1] ECF No. 60.

1

entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that early termination of Mr. Gaisbauer's supervised release is not appropriate at this time. The nature of the offense, together with Mr. Gaisbauer's extensive drug history spanning more than two decades, suggest that additional supervision is warranted. Regarding specific and general deterrence, those factors weigh somewhat against early termination on this record as well. Completing most or all of the term of supervised release supports deterrence at both the individual and general levels. It will also support rehabilitation by leaving protective testing and reporting requirements in place. Finally, on this record, continuing supervised release is more supportive of promoting respect for the law and providing a just punishment for the offense given the underlying offense and criminal history.

At this time, an early termination of supervised release is not well supported by the § 3553(a) factors and is not in the interests of justice. If Mr. Gaisbauer can show continued excellent compliance over a period of 6-12 more months, early termination may then be reconsidered.

It is therefore ORDERED that the Motion for Early Termination of Supervised Release is DENIED without prejudice.

2

DATED this 24th day of June, 2026.

BY THE COURT:

David Barlow
United States District Judge